JULIA A. LOEW and Others, as Executors under the Last Will and Testament of FREDERICK W. LOEW, Deceased, Appellants, *v.* HENRY E. BEDFORD, JR., Respondent.

Supreme Court, Appellate Term, First Department, November 10, 1925.

Landlord and tenant — action for rent — landlord struck out material provisions of lease after signature by tenant — lease need be signed only by landlord under Real Property Law, § 242 — attempted repudiation of lease by tenant ineffectual without actual surrender of premises — lease signed by one plaintiff — others ratified lease by bringing action for rent — tenant liable for rent.

A landlord may recover rent in an action brought under a written lease executed by him although he struck out clauses material to the tenant after the lease had been signed by the latter, since, under section 242 of the Real Property Law, a lease need be signed only by the lessor.

An attempted repudiation of the lease by the tenant a few days after he received back the altered instrument is ineffectual, since it was not accompanied by actual physical surrender of the premises.

Although the lease was signed by only one of the three executors, plaintiffs, the bringing of this action was a sufficient adoption and ratification by the other two.

APPEAL by plaintiffs from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, in favor of defendant, dismissing the complaint, after a trial before a judge without a jury.

*Sheffield & Betts* [*John M. Bovey* of counsel], for the appellants.

*McAneny & Bacon* [*Easton S. Bacon* of counsel], for the respondent.

PER CURIAM:

The action was brought for three months' rent under a written lease. The defense attacks the validity of the lease on two grounds and asserts a monthly tenancy with no valid agreement for a definite rental.

The circumstances of the execution and delivery of the lease are as follows: After the defendant tenant had executed two copies on the form provided by the broker, they were transmitted to the landlord, who executed them after striking out two clauses which were of considerable materiality to the tenant. Just when the tenant received back the altered lease is not clear, but it was on or about the time he entered into possession, and since a lease, under section 242 of the Real Property Law, need only be signed by the lessor, the tenant cannot be heard to claim that the lease as executed by the landlord did not contain the terms and conditions of his tenancy. His attempted repudiation a few days later was, therefore, ineffectual for any purpose unless it had been accompanied by actual physical surrender, which is not claimed.

It is also objected that the lease was signed by only one of the plaintiffs, but we have no doubt that the bringing of this action was a sufficient adoption and ratification by the other two executors. (*Valentine* v. *Healey*, 158 N. Y. 369.)

Judgment reversed, with thirty dollars costs, and judgment directed in favor of plaintiffs for the amount demanded in the complaint, with interest and costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.